34 F.3d 1079
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Dorothy J. STAPLES, Petitioner,
v.
DEPARTMENT OF STATE, Respondent.
 No. 94-3214.
 United States Court of Appeals, Federal Circuit.
 Aug. 5, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The Department of State moves for summary affirmance of the Merit Systems Protection Board's October 4, 1993 decision dismissing Dorothy J. Staples' appeal as barred by the doctrine of res judicata. Staples has not responded.
 
 
 2
 Staples appealed to the Board in 1987 after resigning from her position with State. She argued that her resignation was involuntary. The administrative judge dismissed her appeal for lack of jurisdiction. Staples thereafter petitioned the Board for review and petitioned this court for review. On January 8, 1988, this court dismissed for failure to prosecute. Reconsideration was not sought. On July 28, 1988, the Board dismissed for failure to file a petition until 50 days after the date extended for such filing.
 
 
 3
 In 1993, Staples returned to the Board seeking review of her 1987 resignation. On October 4, 1993, the administrative judge dismissed based on the doctrine of res judicata. On January 10, 1994, the Board denied review. Staples petitioned this court for review. Now, State moves for summary affirmance of the Board's order.
 
 
 4
 Summary affirmance is appropriate where the position of one of the parties is clearly correct as a matter of law and there is no substantial question as to the outcome of the case. Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the 1993 case, Staples argued the facts and merits of her resignation before the Board; she did not address the res judicata issue. In her informal brief here, she also addresses the merits of her case, not the res judicata issue. Further, it is clear that she is attempting to relitigate an already litigated matter. Accordingly, summary affirmance is appropriate.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) State's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.